IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTONIO DEWAYNE LIGONS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-23-00685-JD |
| ) | |
| CARRIE BRIDGES, Warden, ) | |
| ) | |
| Respondent. ) | |

# ORDER

Before the Court is the Report and Recommendation ("R. & R.") [Doc. No. 10] issued by United States Magistrate Judge Amanda Maxfield Green on February 13, 2024, under 28 U.S.C. § 636(b)(1)(B), (C). Judge Green recommends that Petitioner Antonio Dewayne Ligons' ("Ligons") Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2254 [Doc. No. 1] be dismissed with prejudice as untimely. [Doc. No. 10]. Judge Green advised Ligons of his right to object to the R. & R. by March 5, 2024. Ligons filed motions requesting extensions of time to file his objection to the R. & R., which the Court granted and ultimately extended Ligons deadline in which to file an objection to April 18, 2024. Ligons timely objected.[1] [Doc. No. 16] ("Objection").

---

[1] Petitioner's objection is deemed filed on the date he gave it to prison authorities for mailing. *Price v. Philpot*, 420 F.3d 1158, 1164 & n.4 (10th Cir. 2005) (citing *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989) (per curiam)). Ligons' objection is dated and verified on April 18, 2024, *see* [Doc. No. 16 at 8–11], but the envelope is postmarked on April 19, 2024. [Doc. Nos. 16, 16-1]. It was received by the Court on April 22, 2024. Ligons also filed a brief, which the Court has considered. [Doc. No. 17]. However, the brief goes to the merits of the Petition, not timeliness.

The Court has carefully and thoroughly reviewed the Petition, R. & R., and Objection, has liberally construed Ligon's filings because he is proceeding pro se, and has considered the objected-to matters de novo in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3). For the reasons stated below, the Court agrees with the R. & R. and dismisses with prejudice Ligons' habeas petition as untimely. The Court also denies a certificate of appealability.

I.   **BACKGROUND**

On September 7, 2018, Ligons was convicted of one count of murder in the second degree and one count of gang association while in commission of a gang-related offense. On March 9, 2020, the Oklahoma Court of Criminal Appeals ("OCCA") granted Ligons' request for a direct appeal out of time. The OCCA affirmed Ligons' judgment and sentence on January 27, 2022.

On January 31, 2023, Ligons filed an application for post-conviction relief claiming ineffective assistance of appellate counsel. *See* [Doc. No. 1 at 3]. On May 2, 2023, the Oklahoma County District Court dismissed the application as time barred. *See* 22 Okla. Stat. § 1080.1(A)(1) ("A one-year period of limitation shall apply to the filing of any application for post-conviction relief, whether an original application or a subsequent application. The limitation period shall run from . . . [t]he date on which the judgment of conviction or revocation of suspended sentence became final by the conclusion of direct review by the Oklahoma Court of Criminal Appeals . . . ."). Ligons did not appeal to the

OCCA.[2]

On August 4, 2023, Ligons filed the Petition. Judge Green concluded that Ligons' Petition should be dismissed because it is untimely and the limitations period was not tolled or extended. Ligons does not object to the R. & R.'s conclusions that the Petition is untimely but argues instead, for the first time, that the limitations period should be equitably tolled.[3] *See* 28 U.S.C. § 636(b)(1) (providing that the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made").

## II.  LEGAL STANDARDS

An application for a writ of habeas corpus must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized

---

[2] Ligons filed a notice of appeal with the Oklahoma County District Court but did not actually file an appeal with the OCCA. https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2017-5008&cmid=3563896 (Docket Sheet) (last visited May 22, 2024). *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (citation omitted).

[3] In the Petition, Ligons marked the question about the timeliness of the Petition as "N/A." [Doc. No. 1 at 14]. A court could determine that the equitable tolling theory is waived. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). Nevertheless, this Court proceeds to analyze the objection made de novo.

3

        by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). To toll the limitations period, an application for post-conviction relief must have been properly filed within the one-year period. *Id.* § 2244(d)(2).

### III.   ANALYSIS

Ligons argues in the Objection to the R. & R. that his limitations period should be equitably tolled because his state application for post-conviction relief was timely submitted but the state court clerk waited several days before actually filing his application. He argues that because of this error, the Court should conclude that the deadline for filing his Petition was equitably tolled.[4]

The Tenth Circuit has determined that 28 U.S.C. § 2244(d) is not jurisdictional and "may be subject to equitable tolling." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). To obtain equitable tolling a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). This is a "'strong burden'" that requires the petitioner "'to show specific facts to support his claim of extraordinary circumstances and

---

[4] The Court liberally construes his argument to be that equitable tolling is warranted since, had the state court clerk filed his application immediately (instead of waiting to stamp it for several days, according to Ligons' argument), the Oklahoma County District Court would have considered the substance of his application, and it is impossible to know what impact that would have had on the timeliness of his Petition.

4

due diligence.'" *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). "Simple excusable neglect is not sufficient." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Had Ligons properly filed his application for post-conviction relief within one-year of his conviction, the limitations period would have been tolled while the state court considered that application. However, since Ligons did not timely file his application for post-conviction relief within the one-year period, he now argues he is entitled to equitable tolling. But Ligons has failed to establish that some extraordinary circumstance prevented him from timely filing his Petition or application for post-conviction relief.

Although Ligons states that he timely filed the application for post-conviction relief by January 27, 2023 and the state court clerk waited until January 31, 2023 to stamp the filing, this is not supported in the record. Even Ligons' Petition that he personally filled in reflects that his application for post-conviction relief was filed on January 31, 2023. *See* [Doc. No. 1 at 3]. The Court therefore does not find a basis for equitably tolling the limitations period based on the record before it. *See Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011) (explaining that "a litigant seeking equitable tolling bears the burden of establishing" its applicability).

IV. **APPEALABILITY**

Under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, Ligons must make "a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2). Ligons can satisfy this standard by demonstrating that jurists of reason could debate whether the Petition should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). After considering this Order, the R. & R., the record, and the state of current law, the Court finds that reasonable jurists would not debate the Court's determinations that Ligons habeas petition is untimely or that he has not met his burden for establishing equitable tolling, or any other determinations made by the Court in this Order. Because Ligons cannot make the required showing, the Court declines to issue a certificate of appealability.

## V.    CONCLUSION

For the reasons stated above, the Court ACCEPTS the Report and Recommendation issued by United States Magistrate Judge Amanda Maxfield Green [Doc. No. 10] and DISMISSES Ligons' § 2254 action with prejudice as untimely.[5] The Court DENIES a certificate of appealability.

IT IS SO ORDERED this 22nd day of May 2024.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[5] *Cf. McDowell v. Zavaras*, 417 F. App'x 755, 756–57 (10th Cir. 2011) (unpublished) (explaining that a habeas petition "denied as time-barred" is "a dismissal . . . on the merits") (citing cases); *Brown v. Roberts*, 177 F. App'x 774, 778 (10th Cir. 2006) (unpublished) ("Dismissal of a petition as time barred operates as a dismissal with prejudice . . . .").